EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The divorce judgment awarded temporary alimony to the wife of $300 each month for eighteen months in view of her “current financial situation and unemployment.” The husband appeals and argues, through able counsel, that the temporary alimony provision should be reversed since the wife was employed and since the trial court based the award in part upon an erroneous finding that she was unemployed.
An impartial reading of the proceedings before the trial court discloses that there were few controversies for the trial court to decide, except for a division of personal property and providing for the payment of debts. It was the wife’s contention at the trial that, although she was employed, her income was insufficient to pay normal living expenses for herself and her two minor children from an earlier marriage and also to pay a number of debts. She sought assistance from the husband for one year until a furniture debt was paid and for two and one-half years until an automobile indebtedness was satisfied. The husband disputed that he should provide any assistance in that regard. Apparently, the husband had no credit as a result of his having previously entered debtor’s court. Consequently, some debts were incurred in the wife’s name.
The trial court divided the personal property, and that furniture and automobile which were subject to indebtedness were awarded to the wife. The parties were held responsible for their own debts, including any indebtedness owed on property awarded to them. It is clear from the record that the wife’s grant of temporary periodic alimony was made to assist her in the payments of the debts on the furniture and automobile.
In short, the record discloses that the trial court was very aware that the wife was employed and of her exact monthly income. The trial court was also cognizant that the primary problem to be decided was whether to grant to her temporary alimony because of the existing disparity between her wages and her expenses, including monthly debt-payments. That was the real thorn in the case, and it is clear that the trial court considered the income which she received from her employment in reaching its decision. We do not glean from the record that the trial court’s decision as to temporary alimony was based upon a mistaken determination of what the true facts were. While we agree with the husband’s conclusion that the trial court’s labeling of the wife as being unemployed was an “innocent” error, we would further characterize it as being error without injury. Rule 45, Alabama Rules of Appellate Procedure; Rule 61, Alabama Rules of Civil Procedure.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.